### KELLY v. BARTLETTE.

Circuit Court of Appeals, Fifth Circuit.
December 11, 1928.

No. 5380.

Claude L. Johnson, of New Orleans, La., for appellant.

Sol Weiss, of New Orleans, La., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. On the petition of the appellee, the trustee in bankruptcy of the estate of Peter J. Kelly, Sr., alleging that the bankrupt owned a fund deposited in a named bank in the name of the Gem Grocery Company, the referee, after the appellant, Peter J. Kelly, Jr., had by an intervening petition asserted the claim that he was the owner of the fund mentioned, and after the production of evidence on the issues raised, ordered that said fund is to be held, taken, and considered and is the common fund or property of Peter J. Kelly, Sr., and Peter J. Kelly, Jr., and that said bank hold and retain that fund until receipt of further orders as to the disposition of it.

On a review of that order on the petition of the appellant the court decreed that the order of the referee be affirmed, that said bank hold and retain in its possession said fund on deposit subject to further orders of the court as to the disposition of the same, that the referee investigate further and fully into the ownership of the grocery business conducted under the name of the Gem Grocery, and "that this cause be referred back to the referee in bankruptcy for further proceedings and for further action in accordance with the opinion herein ordered."

The opinion referred to disclosed that the court considered that the evidence on which the findings of the referee were based left it uncertain whether appellant had any interest in the business conducted in the name of the Gem Grocery Company; the evidence principally relied on being testimony of Peter J. Kelly, Sr., and the appellant, Peter J. Kelly, Jr., each of whom admitted the making in a former suit of a sworn statement in conflict with his testimony in this proceeding. That opinion contained the following:

"If it is finally determined that Peter J. Kelly, Jr., has an actual interest as a partner, the trustee should proceed to the liquida-

tion of that partnership contradictorily with him, so as to conserve to the creditors all of their rights in the premises."

When considered in the light of the opinion referred to, it appears that the effect of the order appealed from was to leave for future investigation and determination the question of the ownership of the fund deposited in bank; the bank to continue to hold that fund subject to further orders of the court. The order did not have the effect of requiring property owned by a partnership of which the bankrupt was a member to be administered otherwise than in accordance with section 5h of the Bankruptcy Act (11 USCA § 23(h). There was no impropriety in the court requiring the fund in question to be retained by the bank subject to the further orders of the court and until the ownership of that fund should finally be determined after further investigation.

Prior to a final determination of the question whether appellant is or is not the owner of that fund, or of a share in it, he cannot sustain a complaint against action of the court for the safe-keeping of that fund while the question of its ownership remains unsettled.

The order or decree is affirmed.